STATE EX REL. OTTO EISENLOHR & BROS., INC., Respondent, vs. DICKINSON, Appellant.

*December 6, 1917—January 5, 1918.*

*Income taxation: Offsetting personal property taxes assessed in same year.*

1. Under sec. 1087m—26, Stats., the personal property tax which may be set-off against an income tax must have been assessed during the year in which such income tax was assessed.
2. Thus, receipts for personal property taxes assessed against a cor-

poration in 1912 to 1915, inclusive, were not applicable in pay-
ment of an income tax assessed in 1916, although the latter in-
cluded an income tax for each of the years 1912 to 1915, in
which years, the corporation having neglected to make a return
of its income, no income tax was assessed against it.

APPEAL from an order of the circuit court for Rock county:
GEORGE GRIMM, Circuit Judge. *Reversed.*

This is an action to compel the defendant, as city treasurer
of the city of Edgerton, to accept personal property tax re-
ceipts as an offset against income tax due from the relator,
which is a foreign corporation licensed to do business in this
state.

Prior to the year 1916 the relator had neglected to make
any report of its income subject to taxation. During the
year 1916 the Wisconsin tax commission assessed and levied
an income tax upon the relator's income for the omitted
years, 1912 to 1915, inclusive, and placed it upon the 1916
tax roll. It was payable in January, 1917. The income
tax for the years 1912 to 1915, inclusive, as assessed by the
tax commission, amounted to $14,400.70. During the years
1912 to 1915, inclusive, the relator paid taxes on personal
property in various taxing districts in Wisconsin to the
amount of $9,793.25. On January 31, 1917, the relator
tendered to the defendant the personal property tax receipts
for the amount above stated as an offset against the above
income taxes, together with the cash for the difference. This
tender was refused.

The relator brought *mandamus* proceedings against the de-
fendant. The defendant moved to quash the writ. The
court denied the defendant's motion to quash the alternative
writ of *mandamus* and directed the peremptory writ to issue.
This is an appeal from such order.

For the appellant there was a brief by *George W. Blanch-
ard* of Edgerton and *Jeffris, Mouat, Oestreich & Avery* of
Janesville, and oral argument by *M. O. Mouat* and *M. G.
Jeffris*.

For the respondent there was a brief by *Sanborn & Blake* and *Wm. J. P. Aberg* of Madison, and oral argument by *Mr. John B. Sanborn* and *Mr. Aberg.*

SIEBECKER, J.   The question in this case is whether the relator is entitled to have his personal property tax receipts for taxes assessed against him for the four years 1912 to 1915, inclusive, applied by the defendant, as city treasurer and tax collector of the city of Edgerton, in payment of the income tax which includes back taxes for the years 1912 to 1915, inclusive, assessed against him in 1916.   As appears by the foregoing statement, the plaintiff had made no return of its income subject to income taxing in the years 1912 to 1915, inclusive, and the tax commission in 1916 assessed and levied an income tax for the years the relator omitted to make a return of its income subject to taxation and placed it upon the tax roll for 1916.   The statute (sec. 1087m—26) provides that "Any person who shall have paid a tax *assessed . upon his personal property during any year* shall be permitted to present the receipt therefor to the tax collector, . . . and have the same accepted by the tax collector to their full amount in the payment of income taxes *assessed against such person during said year. . . .*"   In the case of *Milwaukee v. Patton,* 158 Wis. 617, 149 N. W. 381, this court held that "the wording of the statute is plain and *not open to construction.*"   The court there held that the person who pays a personal property tax, assessed in 1913 upon property omitted from taxation in 1910 and 1911, is under this statute entitled to be credited on an income tax assessed against such person during 1913.   This interpretation of the statute means that the personal property tax so allowed to be set off must be assessed during the year in which such income tax was assessed.   The terms of the statute do not provide for an offset of a personal property tax assessed during any other year than the year in which the income tax is assessed.   Ob-

viously plaintiff's personal property tax receipts for taxes assessed in 1912 to 1915, inclusive, are not applicable in payment of the income tax assessed against the plaintiff in 1916, which included an income tax for the omitted years of 1912 to 1915, inclusive. This result necessitates reversal of the order denying the defendant's motion to quash.

*By the Court.*—The order appealed from is reversed, and the cause is remanded to the circuit court for Rock county with direction to enter an order quashing the alternative writ of *mandamus.* The appellant is to recover costs in this court.