STATE EX REL. S. HEYMANN COMPANY, Petitioner, vs. LYONS and others (constituting the Wisconsin Tax Commission), Defendants.

*January 21—February 12, 1924.*

*Taxation: Income taxes: Personal property offset: As of what year made.*

The tax commission has nothing to do with the personal property offset against income taxes, as the offset is made by the collector at the time the tax is paid; and personal property taxes are not entitled to be offset against income except for the year in which the income tax is paid.   p. 128.

THIS IS AN ORIGINAL ACTION in this court by *mandamus* to compel correction of the tax rolls of the city of Oshkosh by the tax commission, under authority of sec. 71.24, Stats. 1923.

For the petitioner there was a brief by *Williams & Williams* of Oshkosh, attorneys, and *Kaumheimer & Kenney* of Milwaukee, of counsel, and oral argument by *George E. Williams* and *William Kaumheimer.*

For the defendants there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

State ex rel. S. Heymann Co. v. Lyons, 183 Wis. 126.

CROWNHART, J.   This case was presented and argued with the *Globe Steel Tubes Co. Case,* decided herewith (*ante,* p. 107, 197 N. W. 578).   The questions of constitutional law and statutory construction there decided are not here treated but are considered settled by that decision.   This case presents one additional question not raised in the *Globe Steel Tubes Co. Case,* and that is, Has the tax commission authority, under sec. 71.24, Stats. 1923, to consider for offset personal property taxes paid in former years, against reassessed income taxes for the same years, on the tax rolls for 1923?

The relator paid personal property taxes in the years for which it has been reassessed on income, in excess of its combined original assessment and reassessments, and seeks by this action to have such personal property taxes set off against the increased income taxes so reassessed.   It has been held that personal property taxes are not entitled to be offset against income except for the year in which the income tax was paid.   *State ex rel. Otto Eisenlohr & Bros. v. Dickinson,* 166 Wis. 501, 165 N. W. 1084.   The statute authorizing offset of personal property tax against income tax is as follows:

"71.21   *Personal property credited.*   Any person who shall have paid a tax assessed upon his personal property during any year shall be permitted to present the receipt therefor to the tax collector, together with any similar receipts for personal property taxes paid by members of his family whose incomes have been assessed to him, and have the same accepted by the tax collector to their full amount in the payment of income taxes assessed against such person during said year; provided, that no receipt for taxes paid on the shares of stock in any state, national or mutual savings bank or trust company shall be allowed as an offset against any income tax within the meaning of this section. If in any year a person failed or neglected, or shall in the future fail or neglect, to present his personal property tax receipt in payment of income tax, as provided by this section,

and the council of the city or board of the town or village to which such taxes shall have been paid is satisfied that such person was entitled to such offset, and that by reason thereof, such person has paid to the town, city or village an amount in excess of that which he was legally obliged to pay, it may within two years after such payment remit such excess to such person without interest and charge the state and county for their respective proportions of such excess, as provided in section 74.73."

It is clear from the statute that the tax commission has nothing to do with personal property offset against income taxes.  The offset is to be made by the tax collector at the time of the payment of the tax.  This case presents strong equities in favor of the relator, but he is remediless here.

*By the Court.*—The motion to quash the alternative writ of *mandamus* is granted.