STATE EX REL. SCHUSTER REALTY COMPANY, Petitioner, vs. LYONS and others (constituting the Wisconsin Tax Commission), Defendants.

*January 21—February 12, 1924.*
*May 10—June 3, 1924.*

*Taxation: Income taxes: Reassessment upon same set of facts: Change in depreciation rate applied: Validity: Newly-discovered facts.*

*On motion to quash alternative writ of mandamus.*

1. A motion to quash an alternative writ of *mandamus* is equivalent to a demurrer to the petition and admits the facts therein stated. p. 178.

State ex rel. Schuster Realty Co. v. Lyons, 184 Wis. 175.

2. The tax commission cannot lawfully make a new and different assessment for prior years upon the same returns and the same set of facts, but can do so only in case new and additional information comes to it, either through the taxpayer or otherwise; and it cannot, therefore, change, upon the same facts, the rate of depreciation allowed in any preceding year. p. 179.

3. It must be assumed that the tax commission acts according to law in making its initial assessment of the tax as well as in making the later ones. p. 180.

4. Sec. 71.10, Stats. 1923, is construed to apply only in cases of mistake due to fraud on the part of the taxpayer, or to his failure to present the true facts to the tax commission. p. 180.

*On demurrer to return of tax commission.*

5. The return of the tax commission justifying the increase of an assessment of income taxes on the ground that a building upon which a certain rate of depreciation had been allowed, and which was described in petitioner's income tax returns as a "concrete building," has now been ascertained to be of "reinforced concrete and masonry construction," does not show any newly-discovered fact which would support the reassessment. p. 181.

ACTION of *mandamus* brought in this court under its original jurisdiction to require the defendants as tax commissioners to certify to the treasurer of the city of Milwaukee that no tax is due from relator upon additional assessments made by the defendants on or about November 1, 1923, against the income of relator for the years 1917, 1918, 1919, 1920, and 1921. An alternative writ of *mandamus* was issued.

The petition alleges among other things:

"That every year between the years 1917 and 1921, both inclusive, the said petitioner has duly filed its income tax returns upon forms furnished by said tax commission of the state of Wisconsin; that said returns showed that the property owned by petitioner are concrete buildings in the city of Milwaukee, Wisconsin, gave their value and the rate of depreciation thereon as three per cent. per annum, and, upon facts so appearing, the Wisconsin tax commission, as constituted during the respective years herein referred to,

State ex rel. Schuster Realty Co. v. Lyons, 184 Wis. 175.

assessed the income tax assessable against said petitioner for each of the years set forth, and said petitioner, upon the assessments so made, has paid to the proper authority the amount of income taxes so assessed upon it for all those years.

"That on or about the 1st day of November, 1923, said defendants made an assessment of additional income against said petitioner and entered the same on the 1923 assessment roll for the years 1917 to 1921, both inclusive, aggregating. for income taxes the sum of $2,085.60, based upon alleged additional income of the corporation during said years of $34,760, and that all of such additional income excepting the sum of $2,946.07 is the result of a change in depreciation rate made in 1923 and applicable to the years aforesaid, and that said defendants levied additional income taxes against said petitioner for the years aforesaid amounting to $2,085.60, and in addition to the assessments for income taxes for each of said years has computed an amount equal to ten per cent. per annum from the 22d day of March of the year following the year for which said tax is assessed to the 31st day of January, 1924, the total amount of interest so assessed on said income taxes being $528.77."

Then follow appropriate allegations that upon such additional income defendants have assessed the soldiers' bonus surtax, the teachers' retirement fund surtax, and have added interest to each at ten per cent. from and to the appropriate dates as provided in sec. 71.10, Stats. 1923.

The defendants moved to quash the alternative writ.

For the petitioner there was a brief by *Kaumheimer & Kenney* of Milwaukee, attorneys, and *Williams & Williams* of Oshkosh, of counsel, and oral argument by *George E. Williams* and *William Kaumheimer*.

For the defendants there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump*.

The following opinion was filed February 12, 1924:

VINJE, C. J. A number of questions raised by the relator are also involved in *State ex rel. Globe Steel Tubes*

*Co. v. Lyons,* decided herewith (183 Wis. 107, 197 N. W. 578). They will be.there considered and that decision will control this case in so far as applicable. Omitting such questions, the only one left in the case raised by the motion to quash the alternative writ of *mandamus,* which motion is equivalent to a demurrer to the petition and admits the facts therein stated, is, Can the tax commission lawfully make a new and different assessment in 1923 for each of the years 1917 to 1921, inclusive, from that which it made for those years upon the same returns and upon the same facts? Stated concretely, the petition shows that in each of the years mentioned the relator made a return stating the value of a concrete and steel building and that for each of the years it deducted a depreciation of three per cent. which was allowed by the commission, and the total tax assessed by it was upon the basis of the allowance of a three per cent. depreciation. In 1923 the commission reached the conclusion upon the same state of facts that the allowance of a three per cent. depreciation was too much, and it made a reassessment for the stated years increasing the amount of taxable income by $31,819.93, due solely to the adoption of a lower depreciation rate. The tax.commission justified its action in changing the depreciation rate under the provisions of sec. 71.10, which, so far as applicable, reads:

"Whenever it shall appear probable that a corporation has been over or underassessed, or that no assessment has been made when one should have been made in any of the years following January 1, 1915, the tax commission may require such corporation to furnish such information with reference to its capital, surplus and business transacted as it may deem necessary to enable it to ascertain the amount of taxable income such corporation received during the year or years in question. Upon such information and such other information as it may be able to discover the commission shall determine the true amount of taxable income received during the year or years under investigation. Any part of the

income so ascertained and not previously assessed shall be assessed and entered upon the next assessment rolls and the normal tax thereon may be computed at not exceeding twice the original rate."

Then follow provisions as to what may be done in case the corporation fails to make a report of its income within the time and in the manner prescribed by law; also provisions with reference to the penalty incurred by any corporation, joint-stock company, or association by failing to make a return in time or by rendering false or fraudulent returns.

It is quite evident from a careful reading of the statute that the legislature had in mind situations where all of the facts upon which the tax commission was to act in making an assessment were not before it at the time it made it, and that a reassessment was to be made only when such new facts were discovered, for the statute provides that the tax commission "may require such corporation to furnish such information with reference to its capital, surplus and business transacted as it may deem necessary to ascertain the amount of taxable income such corporation received during the year or years in question." This clearly indicates that it was not the legislative intent that the commission was to act upon the same identical facts it acted upon in making the original assessment, but that only in case new and additional information came to it either through the corporation or otherwise that it was authorized to make a reassessment. The statute specifically declares: "Upon such information and such other information as it may be able to discover the commission shall determine the true amount of taxable income received during the year or years under investigation."

It is clear that the statute deals with situations where by reason of a lack of knowledge, either through the fault of the corporation or otherwise, the tax commission did not have before it at the time it made the original assessment all the facts necessary to enable it to make a just assessment.

This statute supports no inference that it was the legislative thought that the commission, having once acted upon facts fully before it and exercised its best judgment thereon, could years later change its judgment as to those facts and apply such changed judgment to the same facts that it knew years before when it made its original assessment. If this were so, there would be nothing to prevent the tax commission next year from again changing its judgment as to the rate of depreciation that should be allowed and to make additional assessments for the same years. This process might be repeated again and again though in each reassessment identically the same facts would be present. The only justification for the reassessment would be that the commission has changed its judgment as to what should be the proper rate of depreciation. Such a statute so construed might well be declared unconstitutional as being so unreasonable and oppressive as not to come within the constitutional requirement of due process of law.

It may also be pertinently queried why, the facts being the same, the judgment of the tax commission as to the rate of depreciation that should be allowed was wrong in each of the years 1917 to 1921, inclusive, but was right in 1923.

An argument is made by the attorney general to the effect that the first assessment made by the tax commission is often hurried and made upon inadequate data, and that later when an investigation has been had a more correct assessment can be made. The demurrer to the petition does not raise such a question. Moreover, in the absence of proof to the contrary we must assume that the tax commission acts according to law and performs its duty in making the first assessment as well as in making later ones.

Construing the statute as we do to mean that it applies only in cases of a mistake due to accidental or intentional omission or to the fraud of a taxpayer or to his failure to present the true facts to the commission, it becomes a rational and constitutional piece of legislation intended to

State ex rel. Schuster Realty Co. v. Lyons, 184 Wis. 175.

protect the state against mistakes and fraud, and to enable it to assess and collect such taxes as in the judgment of the tax commission, acting upon all the facts necessary, are just and proper.

*By the Court.*—Let a peremptory writ issue restraining the tax commission from certifying to the city treasurer of Milwaukee that there are any back taxes due from relator on the sum of $31,813.93, being the additional income for the specified years due to a change in the rate of depreciation.

After the above determination, upon stipulation, the defendants were permitted to make a return, to which petitioner has demurred.

The following opinion was filed June 3, 1924:

ESCHWEILER, J. By their return the defendants rely, as a justification for the increase by the reassessment, upon their claim that it was not, as it is alleged in the petition, from any change in their rule as to the rate of allowable depreciation on the building here involved, but because they have now ascertained the alleged fact to be that such building is of "re-enforced concrete and masonry construction," as to which the proper rate of depreciation is but two per cent. instead of its being, as it was described in the several income tax returns of petitioner, a "concrete building" for which three per cent. was claimed as a proper depreciation and payments so made and accepted.

Defendants claim that it is a fact so generally known that they and the courts are bound to take notice thereof, that a building of "concrete" construction is substantially different from and of less permanency than one of "re-enforced concrete and masonry construction," and that this situation presents, therefore, one where a newly-discovered fact authorized the increase in the reassessment.

It is evident from the amount involved as appears from

the record here that this building must be of very substantial value and size. No contention is made that the term "concrete building" as used in petitioner's tax returns actually misled the tax commission or was intended so to do. A consideration of the vast amount of building of recent years in which concrete is the primary factor as contrasted with buildings of wood or bricks, and of the information conveyed from observation of the methods used in building with concrete, compels the conclusion that the longer descriptive term relied upon now by defendants is the same in substance and general understanding as the shorter and more concrete phrase used by petitioner.

There is therefore not shown any newly-discovered fact such as will support the reassessment in this regard, and the demurrer to the return must be sustained.

*By the Court.*—Petitioner's demurrer to defendants' return sustained, and peremptory writ may issue.