OCONTO COMPANY, Appellant, vs. WISCONSIN TAX
COMMISSION, Respondent.

*May 6—June 20, 1927.*

*Taxation: Assessment of income tax by tax commission: Duty of court on review to prevent unjust assessment: Over-assessment during year personal property offset was available: When over-assessment may be credited in subsequent year.*

1. Under sub. (4), sec. 71.155, Stats., the court, in the exercise of the power to correct injustice in a reassessment of taxes, may offset personal property taxes paid in former years against reassessed income taxes for the same years where the original assessment was based on returns which, although incorrect, were not fraudulent.   pp. 491, 492.

2. Sub. (1), sec. 71.10, Stats., providing that if a prior tax assessment of a corporation is in excess of the actual taxable income received in any such previous year, the tax commission shall credit such corporation with such excess and apply it as a payment on any tax assessed in the current year or the next succeeding assessment, though ambiguous, is clearly intended to apply only where the taxpayer had been required to pay an unjust tax by reason of an over-assessment of income; and where the over-assessment occurred during a year when the taxpayer, because of the amount of its personal property offset, was not required to pay any income tax, the over-assessment should not be credited on the next year's income tax. pp. 492, 493.

3. Where a taxpayer appealed from part of a judgment of the circuit court for Dane county sustaining an assessment of income tax, and the respondent tax commission served notice under sec. 274.12, Stats., to review part of the same judgment, and the supreme court reversed the judgment on the taxpayer's appeal, thus disposing of the case, that part of the judgment before the court on the notice of review, being erroneous, is also reversed so that it may not stand as a precedent in other cases brought in the trial court.   p. 493.

APPEAL from an order and a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed, with directions.*

This case involves income taxes of the plaintiff, assessed

by the *Tax Commission,* for the years 1916–1923, inclusive. The plaintiff brought suit in the circuit court to set aside the assessment so made by the *Tax Commission.* The circuit court affirmed the action of the *Tax Commission* in part and reversed it in part. From the judgment the plaintiff appealed, and from a portion of such judgment the defendant seeks review pursuant to sec. 274.12, Stats.

For the appellant there were briefs by *Lines, Spooner & Quarles,* and oral argument by *Louis Quarles* and *James T. Guy,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

Briefs were also filed by *Miller, Mack & Fairchild* of Milwaukee and by *Sanborn, Blake & Aberg* of Madison and *B. Chandler Snead* of New York City, as *amici curiæ.*

CROWNHART, J. This appeal involves the action of the *Tax Commission* in reassessing the income taxes of the appellant for the years 1916 to 1923, inclusive. The *Commission* increased the assessments for each year with the exception of 1916. For 1916 the *Commission* found an over-assessment. The increases were based on a finding that the incomes reported by the appellant did not fully reflect the actual income in that too large depletion charges were made for timber cut and manufactured.

It appears that appellant was assessed in each of the years in question on personal property in an amount largely in excess of its income taxes for the same year, and that had the true income been reported on the basis fixed by the *Tax Commission* in these proceedings, the whole amount of the income tax in each year would have been offset by the appellant's personal property tax for that year, and no additional tax would have been due or payable to the assessment district.

At the outset we are faced with the amendment of the law known as sec. 71.155, enacted by sec. 5, ch. 446, Laws of 1925. This section provides for review by the circuit court for Dane county of the action of the *Tax Commission.* In sub. (4) of that section, among other things, it provides:

". . . If the court shall find that substantial injustice results from such assessment, it shall direct the tax commission to make such corrections in the assessment as it may find that justice shall require; and in that case upon the return of the record the tax commission shall immediately proceed to reassess the income in accordance with the judgment of the court."

It is now claimed that the circuit court should have found that injustice resulted to the appellant by reason of the *Tax Commission's* action, and that it should have entered an order directing the *Commission* to make corrections accordingly.

In *State ex rel. S. Heymann Co. v. Lyons,* 183 Wis. 126, 197 N. W. 587, decided at the January, 1924, term, this court was asked to remedy an injustice to the income taxpayer by reason of a reassessment of its income taxes by the *Tax Commission,* whereby its income tax was increased. If, as here, the tax had been properly laid in the first instance, it would have been fully offset by the personal property tax payment. We there said: "This case presents strong equities in favor of the relator, but he is remediless here."

It is now claimed by appellant here that sub. (4), sec. 71.155, Stats., gives the remedy in such cases. The respondent charges the appellant with making false reports of its income. That it made incorrect reports may be conceded, but the evidence fails to convince this court that appellant had any fraudulent intent or that any fraud was accomplished. Its total tax would have been no different in one case than in the other. Its personal property tax,

available as an offset, was always far more than its income tax, as determined by the *Tax Commission* on reassessment. The matter of capital depletion was not easy to determine with accuracy; in fact, in 1916 it reported'income largely in excess of the true amount, as found by the *Commission*. .

The trial court made no finding regarding the justice or injustice of appellant's reassessed tax, and the court did not consider the subject in its opinion.

It would seem that in enacting sub. (4), sec. 71.155, Stats., the legislature had before it the opinion of this court rendered in the *Heymann Case, supra,* and sought to give the court power to remedy an injustice. If the intention of the legislature was otherwise, it does not appear on the face of the law. The injustice of the reassessed tax calls for the exercise of the equity power of the courts, if any such power is imposed by law. Here the appellant discharged the full tax as found by the *Commission,* by presenting to the tax collector a personal property tax receipt in excess of the amount of income tax found due by the *Commission.* The statute says:

"The determination of the commission shall not be impaired, vitiated or set aside upon any grounds not affecting the substantial justice of the tax."

And then provides:

"If the court shall find that substantial injustice results from such assessment, it shall direct the tax commission to make such corrections in the assessment as it may find that justice shall require."

The income tax for each year, as revised and found by the *Tax Commission,* being less than the personal property tax for the same year as found by the *Commission,* the additional assessment and tax are plainly inequitable and unjust. The *Tax Commission* is not to be criticised for its action, as the legislature did not commit to the *Commission* the consideration of the equitable principles involved. How-

ever, in any future case involving the same facts, it will be justified in failing to reassess for any year where the personal property tax receipt offered as an offset equaled or exceeded the corrected income tax.

The duty of the trial court is clear, under the facts presented.

The Statutes of 1925—sub. (1), sec. 71.10—provided:

"Any part of the income so ascertained and not previously assessed, shall be assessed and entered upon the next assessment rolls. If it shall be found that the prior assessment was in excess of the actual taxable income received in any such previous years, the tax commission shall credit such corporation with such excess and apply the same as a payment upon any tax·or taxes assessed in the current year or the next succeeding assessment," etc.

The *Tax Commission* found that the appellant was .over-assessed in 1916, resulting in an income tax of $1,787.46 in excess of its true income tax, but that the company paid no income tax for that year by reason of the fact that its personal property tax exceeded its income tax and the income tax was thereby fully offset. The appellant contends that the *Commission* should have followed the express language of the statute, and should have given it credit on its income tax of the succeeding years. The statute is ambiguous. The *Tax Commission* is not a collector of the income tax, and it could not apply any such over-assessment in payment of any succeeding tax. The statute so construed would be impossible of application and it would not conform to the general intent. Under the law as it then stood, a personal property tax was assessable and collectible. To the extent that it was collected, the collector of taxes could apply the personal property tax as an offset against the income tax for that year. But, in any event, the personal property tax was required to be paid. So, for the year 1916, the appellant paid no income tax and its over-assessment for income resulted in no loss to it, and a literal application

of the statute would amount to a refund of its personal property tax. This would result in an unequal and unjust system of taxation. Clearly, the statute was intended to apply only to those cases where the taxpayer had been required to pay an unjust tax by reason of an over-assessment of income.

The trial court sustained the contention of appellant and ordered the *Commission* to make the correction. The *Commission,* on this appeal, seeks review of the order of the trial court. Under our view of the case the result makes no difference to the appellant, but we deem it wise to reverse the order of the circuit court so that it may not stand there as a precedent in other cases that may come before it.

*By the Court.*—The order and judgment are reversed on appellant's appeal, with directions to the circuit court to make its findings and order in accordance with this opinion. On the review of the circuit court's order and judgment directing the *Tax Commission* to make certain allowances for over-assessment of appellant's income tax for 1916, the order and judgment of the circuit court are reversed.