TIGERTON LUMBER COMPANY, Respondent, vs. VILLAGE OF TIGERTON, Appellant.

*February 7—March 5, 1929.*

For the appellant there was a brief by *Winter & Winter* of Shawano, and oral argument by *Paul J. Winter*.

For the State there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump*.

For the respondent there was a brief by *Olin & Butler, Harry L. Butler,* and *Ray M. Stroud,* all of Madison, and oral argument by *Mr. Butler* and *Mr. Stroud*.

A brief was also filed by *Eberlein & Larson* of Shawano, attorneys for the town of Wabeno, as *amicus curiæ*.

The following opinion was filed March 5, 1929:

STEVENS, J.    Plaintiff's cause of action is dependent upon its right to now offset against its additional taxes the amount of personal property tax paid in each of the years for which an additional income tax was assessed.

Sec. 71.21 of the Statutes of 1923, which was the only legislative. enactment that permitted the offsetting of personal property taxes against income taxes, had been repealed before these additional income taxes were assessed. Plaintiff's contention is that it was entitled to the same personal

property offset in 1926 that it would have been entitled to had it paid these additional taxes in the years for which they were assessed.

The right to pay income taxes by the personal property offset was a privilege granted by the legislature, which the legislature could take away at any time it saw fit. Had the plaintiff made full and correct returns of its income in each of these years here in question, it would have enjoyed this privilege granted by the legislature. Having failed to make such returns, it cannot now claim the privilege, because that privilege has been withdrawn by the legislature.

The fundamental rule is that all property, not exempted by law, is subject to taxation, and that all taxes must be paid in cash. The taxpayer who claims exemptions or the privilege of paying taxes by other means than the payment of cash must find authority for that privilege in the statutes. Before the repeal of the statute permitting the personal property offset, this court held that the personal property tax paid in years for which additional income was subsequently assessed could not be offset against such additional tax. *State ex rel. Otto Eisenlohr & Bros., Inc. v. Dickinson,* 166 Wis. 501, 503, 165 N. W. 1084; *State ex rel. S. Heymann Co. v. Lyons,* 183 Wis. 126, 127, 197 N. W. 587.

After the decision of the case last cited the legislature passed sec. 71.155 of the Statutes of 1925, which might have entitled plaintiff to the relief demanded if it was still in force. But that statute was repealed before this action was tried.

Recognizing the rule that there can be no personal property offset in the absence of statutory authority therefor, the plaintiff contends that sec. 71.26 of the Statutes, as it existed at the time this action was begun, confers that right and has proceeded on the assumption that it was entitled to relief under the statute. The statute provides that "Any person aggrieved by the levy and collection in cash of any

unlawful or excessive income tax assessed against or imposed upon him under the laws of this state may file a claim therefor against the town, city or village . . . in which such tax was payable, . . . whether such tax was voluntarily paid or not, and if it shall appear that the tax for which such claim was filed, or any part thereof, is unlawful or excessive," the municipality collecting such tax shall refund the amount of the tax.

That the plaintiff is entitled to no relief under this statute plainly appears from the fact that this section applies only to "unlawful or excessive" taxes. Plaintiff's contention is not based on the claim that the tax was either excessive or unlawful, but wholly on the ground that it has the right to pay these taxes by the use of its personal property offset.

If the provisions of the statutes result in a hardship to the plaintiff, that hardship has resulted from its failure to make proper income tax returns. The commission has power to make an additional assessment only in those cases where the return of the taxpayer does not correctly disclose his taxable income. *State ex rel. Schuster Realty Co. v. Lyons*, 184 Wis. 175, 179–180, 197 N. W. 585, 199 N. W. 48. The question of the wisdom or justice of permitting the tax here in question to be paid by the personal property offset is one for the legislature, not one for this court.

These statutes do not violate the constitutional mandate that the rule of taxation shall be uniform. The same rule of taxation is applied to all who make correct returns. It is only those who fail to make such returns that are penalized by the denial of the right to offset personal property taxes and by the imposition of a charge for the use of the money during the time that it is withheld from the public treasury.

The denial of the personal property offset does not deprive plaintiff of its property without due process of law. *Hooper v. Oshkosh*, 192 Wis. 523, 213 N. W. 285.

It follows that the plaintiff is not entitled to the refund claimed and that the cause must be remanded with directions to sustain the demurrer to the complaint and for further proceedings according to law.

*By the Court.*—So ordered.

A motion for a rehearing was denied, with $25 costs, on June 4, 1929.