WALDHEIM & COMPANY, INC., Appellant, vs. WISCONSIN TAX COMMISSION, Respondent.

*February 5—March. 4, 1930.*

152

*Maurice Weinstein,* attorney, and *B. F. Saltzstein,* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General* and *Theo. W. Brazeau* of Wisconsin Rapids, special counsel for the Tax Commission, and oral argument by *Mr. Brazeau.*

STEVENS, J. The additional income tax here in question was legally assessed. *State ex rel. Waldheim & Co. v. Wisconsin Tax Comm.* 187 Wis. 539, 204 N. W. 481. There is no claim that the personal property tax paid was not properly assessed. There is therefore no basis for any claim that appellant has been required to pay any tax that was not legally due and owing at the time that it was paid. The sole question presented is whether appellant is entitled to have refunded to it any part of the personal property tax paid in 1925.

"The right to pay income taxes by the personal property offset was a privilege granted by the legislature which the legislature could take away at any time it saw fit." *Tigerton Lumber Co. v. Tigerton,* 198 Wis. 377, 379, 224 N. W. 124, 125. It was therefore incumbent upon appellant to show that the legislature had granted it the privilege of either paying the income tax here in question by offsetting its personal property tax, or of having the amount of its personal property tax refunded to it.

Appellant asserts that the right to a refund was granted to it by sub. (4) of sec. 71.11 of the Statutes of 1927, which provides: "Assessment of additional normal income taxes may be made upon the income of any person received in the years 1920, 1921, 1922 and 1923, or corresponding fiscal years, only to the extent that the income tax exclusive of interest on the corrected total income exceeds the personal property tax assessed in the year in which the income was first assessable, provided such personal property tax was actually paid in cash."

This statute is not a grant of the privilege claimed by the appellant. It is a limitation upon the power to assess additional income taxes, in that it provides that no such additional income tax shall be assessed unless the total corrected income "exceeds the personal property tax assessed" for

the year in question. The statute says nothing about refunds upon taxes already assessed and paid. It applies only to assessments of additional income to be made in the future. It does not revive the personal property offset as to income taxes paid before its passage.

There was no overpayment of either income or personal property taxes. There was no right to pay income taxes by the personal property offset at the time the income tax in question was paid. Sec. 71.155 of the Statutes of 1925 cannot be made the basis of the claim because this section was repealed before this claim was filed. The provisions of sec. 71.17 of the Statutes of 1927 do not apply because the tax had become final and conclusive under the Statutes of 1925 before ch. 539 of the Laws of 1927 was passed creating sec. 71.17 of the Statutes. The statutes provide no basis for the allowance of the claim.

*By the Court.*—Judgment affirmed.