RUST-OWEN LUMBER COMPANY, Appellant, vs. WISCONSIN TAX COMMISSION, Respondent.

*April 3—November 11, 1930.*

386

For the appellant there were briefs by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *P. M. Beach*.

For the respondent there was a brief by the *Attorney General* and *A. L. Hougen* of Manitowoc, special counsel, and oral argument by *Mr. Hougen.*

The following opinion was filed July 22, 1930:

ROSENBERRY, C. J. We shall follow the same general method of treatment in this case that was followed in the *Northwestern Lumber Co. v. Wisconsin Tax Commission Case* above referred to.

### Stumpage Values.

In this case the commission found that the plaintiff had on hand January 1, 1916, 268,375,293 feet of timber, mostly pine, valued as of January 1, 1911, at $12 per M, and fixed the January 1, 1916, value after averaging in purchases subsequent to January 1, 1911, at $11.563 per M. The timber was depleted at this rate throughout the ensuing years except as modified by subsequent purchases. We are unable to see any reason for complaint on the part of the taxpayer with respect to this reassessment.

The plaintiff contends that the pine should have been valued as of January 1, 1911, at $15 and hardwood and hemlock at $2 per M. In the testimony which was offered to support the plaintiff's position there is a good deal more of hindsight than foresight. The controlling consideration was market value on January 1, 1911, not what the timber actually cut out and was sold for in later years.

It is considered that the testimony set out in the opinion of the commission sustains the finding made by the commission as to the value of this pine as of January 1, 1911, and January 1, 1916.

### Inventory Values.

On June 30, 1921, the plaintiff informed the defendant that prior to that date it had taken its lumber inventories at a flat rate ($10 per M) without reference to actual cost;

that due to the demand of the internal revenue department it was necessary for it to change its method of inventory at the close of business in 1919. The defendant recognized the situation created by the federal ruling and in January, 1921, put in effect an order or ruling as follows:

"A taxpayer may, regardless of his past practice, adopt the basis of cost or market whichever is lower; this ruling being in accordance with the federal ruling. Whichever basis is adopted must be applied consistently to the entire inventory."

The difficulty arises as to application of this ruling to the situation·in which plaintiff found itself by reason of its prior practice of inventorying its lumber at a flat rate per M. The plaintiff proceeded by taking the average cost of all lumber. When it found in its yards a grade or species which was above the average cost, that lumber was inventoried at the average; if it found in its yards a grade or species which was worth less in the market than the average cost, that was inventoried at the market. This method resulted in all low-grade lumber being valued at less than average cost and all better grade lumber being inventoried at average cost. Upon this branch of the case we quote from the decision of the commission as follows:

"On January 17, 1921, the Tax Commission issued the following regulation with reference to inventories:

" 'Inventories must be valued at (a) cost or (b) cost or market whichever is lower. Whichever basis is adopted must be applied consistent to the entire inventory. A taxpayer may, regardless of his past practice, adopt the basis of 'cost or market' whichever is lower, for his December 31, 1920, inventory, provided a disclosure of the fact that it represents a change is made in the return. Thereafter changes can be made only after permission is secured from the Tax Commission. Inventories should be recorded in a legible manner, properly computed and summarized, and should be preserved as a part of the accounting records of the taxpayer.

" 'Market' as used in the above-quoted regulation means purchase market, not sales market. It should never be construed as meaning the selling prices of the concern to which the goods belong. Such a basis for inventory valuation would result in anticipating profits, or losses, which is not countenanced by good accounting. The problem of determining the market price naturally falls into three parts, namely, the market of (1) materials, (2) goods in process, and (3) finished goods.

"The determination of the market value of materials is comparatively simple. It merely means the replacement cost of materials purchased that went into the manufactured product.

"To determine the market value of goods in process or of finished goods the problem is more difficult. To ascertain the purchase market it is necessary to analyze the goods in process and finished goods into their basic elements. In other words, it becomes necessary to find the purchase market of the materials, labor, and overhead which compose the manufactured product. If the sum total of such basic elements of cost when computed at replacement figures is smaller than the sum total of the actual cost of such basic elements, then the smaller figures should be used.

"A considerable percentage of the lumber inventory on hand at the end of the year necessarily must undergo a further processing; i. e. must be planed before it is ready to market. The commission determines and finds that the lumber inventory of a sawmill consists largely of goods in process, the market price of which cannot be determined by a selling price nor a purchase price of a finished product, but must be determined by the cost or market whichever is lower of the basic elements of cost (materials, labor, and overhead).

"The commission finds that on December 31, 1920, labor costs had declined about 20%, and since labor represented approximately 60% of the total cost, this would decrease the cost of manufacturing about 12%. Materials and supplies had likewise declined about 20% at the end of 1920 and these elements constituted 15% of the total manufacturing cost; hence the total cost would be decreased by about 3%. The other basic elements entering into manufacturing costs

had not declined. The total cost of manufacturing at the end of 1920 should therefore be reduced by the sum of 12% and 3%, or 15%, to reflect the market of the basic elements of cost on that date.

"The commission holds that the market of the basic elements of cost was lower than the actual costs for the year ending December 31, 1920, and therefore should be used in valuing the inventory as of that date.

"The commission finds that there was no evidence that the market of the basic elements at the end of the years 1921, 1922, 1923, and 1924 was less than the cost of such basic elements, therefore the inventories for those years should be valued at average cost."

In applying its method it was necessary for the commission to make minor adjustments prior to the year 1920, but such adjustments are, however, comparatively insignificant. The claim of the plaintiff cannot be sustained. Its method is neither an inventory at cost or market and does not reflect the value of the lumber on hand on either basis. The allowance made by the commission on account of depreciation in elements of cost for the year 1920 was just and fair and its determination must in that and other respects be approved.

It is considered that the rule announced in *State ex rel. Schuster Realty Co. v. Wis. Tax Comm.* 184 Wis. 175, 197 N. W. 585, 199 N. W. 48, does not apply to the situation here presented. While it is true that the returns filed by the plaintiff were acted upon by the Tax Commission, the situation was not disclosed to it in detail but only by way of general outline. There is nothing in the record which indicates that the Tax Commission had at any previous time considered and acted upon all of the matters before it in the present proceeding. The audit made by the representative of the Tax Commission disclosed many new facts, and it was the duty of the commission, under the statute pursuant to which it was acting, to reassess the tax in the light of these additional facts.

What was said in *Northwestern Lumber Co. v. Wis. Tax*

*Comm., supra,* with respect to surtaxes and constitutional questions raised applies in this case, and what was said there is hereby referred to and made a part hereof as if set out at length herein.

*By the Court.*—Judgment appealed from is affirmed.

A motion for a rehearing was denied, without costs, on November 11, 1930.