JOHN S. OWEN LUMBER COMPANY, Appellant, vs. WISCONSIN TAX COMMISSION, Respondent.

*April 3—November 11, 1930.*

For the appellant there were briefs by *Bundy, Beach & Holland* of Eau Claire, and oral argument by *P. M. Beach.*

For the respondent there was a brief by the *Attorney General* and *A. L. Hougen* of Manitowoc, special counsel, and oral argument by *Mr. Hougen.*

The following opinion was filed July 22, 1930:

ROSENBERRY, C. J.   We shall follow the same general method of treatment in this case that was followed in the *Northwestern Lumber Co. v. Wis. Tax Comm. Case* above referred to.

### Stumpage Values.

In this case the commission found that the plaintiff had on hand January 1, 1911, 258,319,752 feet of timber valued at $3 per M.   There were purchases as follows:

| | | | | |
|---|---|---|---|---|
| 1911. | 15,043,000 ft. | @ | $1.181 | per M. |
| 1912. | 18,832,000 ft. | @ | 1.84 | per M. |
| 1913. | 8,265,000 ft. | @ | 2.07 | per M. |
| 1914. | 3,569,000 ft. | @ | 3.66 | per M. |
| 1915. | 2,630,000 ft. | @ | 1.70 | per M. |

Adding to the amount on hand January 1, 1911, these purchases and deducting the amount cut and sold prior to January 1, 1916, the commission found that there was on hand January 1, 1916, 245,849,000 feet of the value of $2.3198 per M or the sum of $570,311.54.

There was not in this case as there was in the *Northwestern Lumber Company Case* a tract of pine, the cutting of which materially diminished the average value of the timber. We are unable to determine from the record how the depletion value was established. In the year 1911 it was $4.06, in 1912 $5.55, in 1913 $4.95, in 1914 $5.40, and in 1915 $3.79. Nor are we able to determine in what year the purchased timber was cut. If the taxpayer in the years prior to 1916 applied a higher depletion rate than it was entitled to apply, that did not affect the value of the timber which remained on hand January 1, 1916. Allowing the depletion to stand at the higher rate permits the state in effect to recapture the amounts lost by reason of over-depletion in years prior to 1916. This the state has no authority to do under the law. The timber valuation should be revised so as to show the depletion at the regular rate. The amount on hand as of January 1, 1916, should be the amount remaining of that on hand January 1, 1911, at $3 per M plus such amounts as were purchased thereafter and remained uncut on January 1, 1916, valued at the purchase price. Depletions should not have been reckoned at the higher rate in the prior years. The stumpage values applicable to the various years subsequent to January 1, 1916, must therefore be adjusted to conform to this rule so as to allow the plaintiff depletion at the full value of the timber on January 1, 1916.

### Inventory Values.

What was said in the *Rust-Owen Lumber Co. v. Wisconsin Tax Commission Case,* decided herewith (*ante,* p. 385, 231 N. W. 870), in respect to inventories applies in this case and the determination of the commission is in that respect approved.

With respect to surtaxes and constitutional questions raised, what was said in the *Northwestern Lumber Co. v. Wisconsin Tax Commission Case,* decided herewith (*ante,*

p. 372, 231 N. W. 865), applies in this case, and it is referred to and made a part hereof as if set out at length herein.

*By the Court.*—Judgment of the circuit court is reversed, and cause remanded with directions to transmit the record to the Tax Commission for restatement of so much of the determination as applies to stumpage values and for adjustment of the tax accordingly. In other respects the judgment of the circuit court is affirmed.

The following opinion was filed November 11, 1930:

## On Motion for Rehearing.

PER CURIAM. The Tax Commission found the value of the plaintiff's lands as of January 1, 1911, to be $8.23 per acre instead of $14 as claimed by the plaintiff. Upon the motion for rehearing our attention is called to the fact that the matter of land values was not discussed in this case.

In the decision of the Tax Commission there appears this statement:

"The appellant made no specific objection to the average value of $8.23 per acre allowed for its land as of January 1, 1911, but attempted to substantiate such value or a higher value. After reviewing the testimony and the record, the commission determined that the average value of $8.23 as of January 1, 1911, used in this assessment was fair and reasonable and set the value at such price."

The plaintiff in its brief upon appeal as well as in the brief filed in support of its motion for rehearing attacked this finding and reargued this matter. As has already been pointed out, the difficulty in this case as in the other cases is that the plaintiff proceeds upon the basis of its subsequent experience to argue backwards and so attempt to prove that on January 1, 1911, the land was in fact more valuable than shown by the evidence adduced upon the trial as to its value at that

time.  The question is whether or not the evidence produced upon the trial as to conditions as they existed on January 1, 1911, sustains the finding of the commission as to the value of the lands on that day, looking forward from that point. The evidence in this case derived from transactions had in lands of this character at or about that time abundantly sustains the finding of the commission.

We may also call attention to the fact that the plaintiff in its brief for a motion on rehearing asks for a reconsideration of the constitutional questions raised.  We stated in the opinion that these questions had been raised, that no constitutional question was involved, and that is sufficient to dispose of the question so far as this court is concerned. It is not necessary for us to cite cases nor enter into an extended discussion in order to show that plaintiff sought to raise constitutional questions in this case.

The motion for rehearing is denied, without costs.