MILWAUKEE COUNTY, Appellant, vs. MILWAUKEE WESTERN FUEL COMPANY, Respondent.

*February 9—March 10, 1931.*

For the appellant there was a brief by *George A. Bowman,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry.*

For the respondent there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

WICKHEM, J. The issue in this case is whether the right of a coal-dock operator to offset the occupation tax assessed to him in 1928, against his income tax assessed in the same year, has been lost by amendment to the income tax law made by ch. 539, Laws of 1927, which advanced the final time for payment of income taxes to July 1st, but which did not amend the occupation tax offset law, so that the income tax payment is due during the month of June, while the local treasurer is not presented with the tax roll containing the occupation tax until December. It is the contention of Milwaukee County that the administration of the offset has become impossible by reason of this amendment. With respect to the 1927 occupation tax it is contended that under the decisions of this court such taxes can only be offset against income taxes assessed in the same year.

Sec. 70.42, Stats. 1927, provides for an occupation tax. It is provided that persons or corporations operating coal docks in this state, other than a dock used solely in connection with an industry and handling no coal except that consumed by the industry, shall on or before December 15th of each year pay an annual occupation tax of one and one-half cents per ton upon all bituminous coal, and two cents per ton upon all anthracite coal handled by or over such coal dock, during the preceding year ending April 30th. It is also provided that such coal shall be exempt from all taxation, either state or municipal. It is further provided that the tax shall be collected in the same manner as taxes on

personal property, and when paid may be credited to or offset against income taxes in the same manner as personal property taxes are credited or offset, as provided in sec. 71.21, Stats. 1923. That section provided:

"Any person who shall have paid a tax assessed upon his personal property during any year shall be permitted to present the receipt therefor to the tax collector . . . and have the same accepted by the tax collector to their full amount in the payment of income taxes assessed against such person during said year; . . ."

In 1925 the legislature repealed sec. 71.21, which granted the right to offset personal property taxes against income taxes. This, however, did not repeal the occupation tax, for the reason that the reference to sec. 71.21 contained in sec. 70.42 is merely for the purpose of adopting with respect to occupation taxes the method of securing the offset. In the case of *Sika v. Chicago & N. W. R. Co.* 21 Wis. 370, the court said:

"A statute which refers to and adopts the provisions of another statute is not repealed by the subsequent repeal of the statute adopted."

The first question is whether ch. 539, Laws of 1927, and especially sec. 71.10 (1) (a), Stats. 1927, impliedly repealed the offset provisions of the occupation tax by rendering the offset administratively impossible. Sec. 71.10 (1) (a), Stats. 1927, provides that no income shall be assessed or payable in 1927 on income received in 1926, but that assessment shall be made in 1928 on the average incomes received in the years 1926 and 1927. Sec. 71.10 (4) (a), Stats. 1927, provides that the initial assessments on incomes shall become due and payable on June first in each year. Prior to the passage of this amendment income tax reports were due in March, and assessments were made during the summer and placed on the local tax roll for collection the succeeding December or January. Sec. 71.10 (4) (b) pro-

vides that "initial assessments of taxes on incomes of persons who file on a fiscal-year basis shall be due and payable on the first day of the sixth month after the close of the fiscal year of such person."

It is, of course, clear that the doctrine of implied repeal is not favored and an earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together. *Attorney General ex rel. Taylor v. Brown,* 1 Wis. 513; *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492.

We are unable to discover anything tending to indicate either that the legislature intended to repeal the offset or that it intended to leave its administration in an unworkable condition. If respondent is to be limited to an offset of his 1928 occupation tax against his 1928 income tax, he must either wait until he is in default with respect to the income tax before he can claim credit for the payment of the occupation tax, or he must pay the occupation tax in advance of its final assessment and before the city treasurer has any warrant or authority to collect it, or he must pay the income taxes when they are due and get a refund at some later date. We cannot believe that it was the legislative intent to so complicate the administration of the offset or to place those entitled to it in such a dilemma.

We have concluded that it was the legislative intent that the occupation tax assessed in 1927 be used by the taxpayer as an offset against income taxes assessed in 1928. It is true that this court, in construing sec. 71.21, has held that the offset provided for in that section can be taken only against taxes assessed in the same year that the tax sought to be offset is assessed. *State ex rel. S. Heymann Co. v. Wis. Tax Comm.* 183 Wis. 126, 197 N. W. 587; *State ex rel. Otto Eisenlohr & Bros. v. Dickinson,* 166 Wis. 501, 165

N. W. 1084; *Milwaukee v. Patton,* 158 Wis. 617, 149
N. W. 381. There can be no doubt that this was the legis-
lative intent prior to the changes made by ch. 539, Laws of
1927, for at that time the occupation and income taxes as-
sessed in the same year were collected at the same time, and
it was quite practicable to offset one against the other. By
reason of the changes in the income tax law, this is no
longer practicable and the cases cited cannot control or even
throw any light upon the legislative intent as evidenced by
these changes.

Sec. 71.10, Stats. 1927, provides that no income tax shall
be assessed or payable in 1927 upon the 1926 income, but
that an assessment shall be made in 1928 upon the average
income received in 1926 and 1927. It will thus be perceived
that the assessment and collection of income taxes which, ex-
cept for the amendment, would have occurred in 1927, was
postponed until 1928. The evident purpose in so doing was
to initiate the new scheme of basing income taxes upon an
average of the taxpayer's income for the past three years.
It is our conclusion that it was not the intention, by so post-
poning the time of assessment, to affect in any way the right
of a taxpayer to claim a credit for his 1927 occupation tax
against the income taxes which normally, and except for the
exigencies requiring the postponement, would have been
assessed against him in 1927. We are fortified in our con-
clusion by the fact that a simple and convenient administra-
tion of the offset is thus provided.

While there has been no appeal by defendant from the
order of the trial court sustaining plaintiff's demurrer to
paragraph four of the answer, this determination is review-
able under sec. 274.34, since it "involves the merits and
necessarily affects the judgment." See *Schlecht v. Ander-
son,* 202 Wis. 305, 232 N. W. 566; *Wis. F. & F. B. Co.
v. Southern Surety Co.* 188 Wis. 383, 206 N. W. 204.

For the foregoing reasons it is concluded that plaintiff's demurrer to the fourth paragraph of the answer should have been overruled.

*By the Court.*—Judgment reversed, and cause remanded with directions to overrule plaintiff's demurrer to paragraph four of the answer; no costs to be taxed on this appeal, respondent to pay clerk's fees.