STATE EX REL. C. REISS COAL COMPANY, Appellant, vs. ZIMMERMAN, County Treasurer, Respondent.

*November 7, 1932—March 7, 1933.*

For the appellant there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea*.

*Herman C. Runge,* district attorney of Sheboygan county, for the respondent.

The following opinion was filed December 6, 1932:

FOWLER, J. The plaintiff has coal docks in several cities, one at Ashland and one at Sheboygan. Sec. 70.42, Stats., provides that operators of coal docks shall pay a tonnage tax on the coal handled at their docks. This statute was enacted while the personal property tax receipt was accepted as part payment on income taxes, and provides that the tax is payable where the dock is located and that when paid it shall be offset against income tax in the same manner that personal property tax is (was) offset under sec. 71.21, Stats.

1923. The personal property offset provision has been repealed, but this court ruled that when the personal property offset provision was repealed it left the occupation tax subject to offset against income tax, and that the occupation tax levied in one year, when paid, may be offset against the income tax payable the next year. *Milwaukee County v. Milwaukee Western Fuel Co.* 204 Wis. 107, 235 N. W. 545.

Income taxes of corporations are assessed by the Tax Commission, and where the owner has plants in different municipalities the tax is by the commission prorated among the different municipalities and paid to the county treasurer of the county wherein the different plants are situated. Sec. 71.09 (2) ; sec. 71.18 (2), Stats. Pursuant to these provisions there was allocated against the relator a $2,509.52 tax payable to the Ashland county treasurer, and a $11,183.74 tax payable to the Sheboygan county treasurer. The relator's occupation tax at Ashland county was $4,452.39. It paid at Ashland its occupation tax, and presented to the county treasurer its receipt therefor as offset to its income tax. The amount of the receipt exceeded its income tax by $1,942.87 and the county treasurer gave it a certificate reciting the excess of its local occupation tax over its income tax allocated for payment to him. The relator tendered this certificate to the county treasurer of Sheboygan county and requested that it be applied with the receipt for its occupation tax paid at Sheboygan upon its income tax allocated for payment to the Sheboygan county treasurer. On refusal to apply the excess shown by the certificate this action was commenced.

The provision of sec. 71:21, Stats., as it stood in 1923 was to the effect that any person who had paid a personal property tax during any year might present "the receipt therefor to the tax collector" and have it accepted towards payment of his income tax assessed during that year. It is

to be noted that "the receipt" was required for presentment, and no provision was made for the presentment of anything else. When the occupation tax statute was passed the income tax and the personal property tax locally assessed were both payable to the local collector. The offset statute contemplated that a personal property tax paid in the taxing district where the taxpayer resided should be offset against his income tax which was there payable. If the thought occurred to the legislature that a personal property tax might be paid in more than one district, no provision was made for the offset of more than the personal property tax paid to the local collector. The statute says "the tax receipt," not tax receipts, should be offset. It would seem that if the legislature had intended that the total of all personal property tax receipts might be offset they would have said so. The attorney general gave an opinion in 1927 to the effect that only the receipt for the tax paid in the district of the taxpayer's residence could be offset. 16 Opinions Atty. Gen. 301. The law was doubtless administered while the personal property offset was permitted in accordance with this opinion and the statute thus received a practical construction by the officers administering it, and this goes far towards controlling the construction to be given by the courts. If only the personal property tax locally paid could be offset, then manifestly there can be offset only the occupation tax locally paid, as the occupation tax provision was enacted as a substitute for the personal property tax assessed generally against personal property owned and on hand on May 1st, at which time coal docks are empty.

It would thus seem that the offset here claimed cannot be made. The court in *State ex rel. Otto Eisenlohr & Bros. v. Dickinson,* 166 Wis. 501, 165 N. W. 1084, and *Milwaukee v. Patton,* 158 Wis. 617, 149 N. W. 381, gave to the statute a literal interpretation and stated that no other construction was permissible. In the case first cited it held that as the

statute said in so many words that the receipt for the personal property tax for any one year might be offset against the income tax assessed during that year, receipts for years in which no income tax was paid could not be offset against an assessment for those years made in a subsequent year. The court said: "The terms of the statute do not provide for an offset of a personal property tax assessed during any other year than the year in which the income tax is assessed." Page 503. We might paraphrase the quotation by saying that as the terms of the statute do not provide for an offset of a personal property tax unless a tax receipt therefor is presented, offset is not permissible on presentment of a certificate not provided for in the statute.

Aside from the considerations above mentioned, it would seem that upon principle the offset should not be allowed. The idea of the taxation statutes is that the municipality is the unit for taxation purposes. The idea is that each unit shall have the benefit of the taxes levied in or allocated to that unit. In view of this, it seems manifest that the municipal unit of the city of Sheboygan should not be deprived of any portion of the income tax allocated to it by reason of the payment of an occupation tax somewhere else of which the distant municipality has received the benefit.

The appellant claims that this construction of the statute makes it unconstitutional under the due process clause of the United States constitution and illustrates this claim by saying that if dock owner A, operating in one taxing district only, pays an occupation tax of $1,000 and earns an income on which he is taxed $1,000, he gets off with a tax payment of $1,000; while if B operates a dock in one district and there pays an occupation tax of $1,000 and there earns no income at all and operates in another district and there pays a $1,000 occupation tax and there earns an income on which he is taxed $1,000, he pays a tax of $2,000; so that of two dock owners earning the same income one pays a tax of

$1,000 and the other pays $2,000 in taxes. But this is no different from what it is as between two dock owners in the same taxing unit, one of whom pays an occupation tax of $1,000 and earns no income at all and the other pays the same occupation tax and earns an income taxable at $1,000. Although one earns an income taxable at $1,000 and the other earns no income at all, each pays $1,000 in taxes. But the relator does not claim that this renders unconstitutional the offset law from which it has received and accepted benefit, although not the entire benefit to which it deems itself entitled. Applying the doctrine suggested would deprive the relator of all right of offset. The relator cannot claim the law from which it has accepted benefit is constitutional so far as it allows it the benefit it has accepted and is unconstitutional because it deprives it of further benefit which it claims from it.

However, neither of the illustrations shows the offset law or the occupation tax law or the income tax law to be unconstitutional. Those situated alike are treated alike. All operators of coal docks pay an occupation tax. All such operators as earn a taxable income pay an income tax. Both taxes are levied, although part goes to the state and part to the county, for the most part for the benefit of the municipality wherein the dock is operated. The offset is permitted locally in fairness to the operator but not so as to deprive the local municipality of the benefit of the income tax allocated to it. All operators having all their coal docks in one taxing district are permitted to offset their entire occupation tax against their income tax. All operators operating docks in different taxing districts are permitted to offset the occupation tax levied in any one district against the income tax allocated to that district, but no further offset is permitted. For taxation purposes, in fairness to the municipality, those operating only in one municipality form one class and those operating in two or more municipalities form another class.

Consideration of the interests of the municipality constitutes a reasonable basis for the classification made.·

*By the Court.*—The order of the circuit court is affirmed.

The following opinion was filed March 7, 1933:

PER CURIAM. A motion for rehearing is made because (1) it is erroneously assumed in the opinion of the court that the receipt of the city treasurer of Ashland for the occupation tax paid at Ashland was not presented to the county treasurer of Sheboygan county, and because (2) in the opinion it was erroneously assumed that the statutes relating to the offset of personal property taxes were administered in accordance with the construction suggested in volume 16, Opinions of Attorney General, 301, referred to on page 602 of the court's opinion, whereas the fact is that the personal property tax offset until its repeal was consistently administered in accordance with the construction contended for by the appellant in this case.

It appears that the receipt referred to in (1) was presented as stated, and mention should have been made of the fact in the opinion. And it may be that the assumption stated in (2) was erroneous in fact. We were perhaps not justified in saying in the opinion, "The law was doubtless administered . . . in accordance with" the opinion of the attorney general referred to, and the statement is withdrawn.

Neither of the matters complained of affects the decision of the court. It rests on other grounds, as reading of the opinion discloses. We consider that the grounds stated amply support the decision.

The motion for rehearing is denied.